IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) CR. NO.  3:05-CR-00493 |
| | ) (Judge Kosik) |
| v. | ) |
| | ) |
| MICHAEL CURTIS REYNOLDS | ) |

## DEFENDANT'S STATEMENT REGARDING SELF REPRESENTATION

1. I understand that I have no formal law background.  I understand that I have been convicted of: 1) Attempting to provide material support or resources to a designated foreign terrorist organization, 2) Attempting to provide material support to terrorists, 3) Solicitation to commit a crime of violence, 4) Distribution of information relating to explosives and destructive devices for use in a violent crime, and 5) one count of  Possession of a firearm, a destructive device (grenade), which is not registered in the National Firearms Registration and Transfer Record.

2. I understand that the U.S. Sentencing Commission has issued sentencing guidelines that will be used in determining my sentence.

3. I understand that based on the guilty verdict of the crime charged in Count 1, this Court could sentence me to 15 years in prison, fine me as much as $ 250,000, impose a three year term of supervised release and a $100 special assessment.

4. I understand that based on the guilty verdict of the crime charged in Count 2, this Court could sentence me to 15 years in prison, fine me as much as $ 250,000, impose a three year term of supervised release and a $100 special assessment.

5. I understand that based on the guilty verdict of the crime charged in Count 3, this Court could sentence me to 7 and half years in prison, fine me as much as $ 125,000,

impose a three year term of supervised release and a $100 special assessment?

6. I understand that based on the guilty verdict of the crime charged in Count 4, this Court could sentence me to 20 years in prison, fine me as much as $ 250,000, impose a three year term of supervised release and a $100 special assessment.

7. I understand that based on the guilty verdict of the crime charged in Count 6, this Court could sentence me to 10 years in prison, fine me as much as $ 250,000, impose a three year term of supervised release and a $100 special assessment.

8. I understand that because I have been found guilty of the above crimes, this Court can order that the sentences be served consecutively, that is, one after another. Accordingly, I could receive a final sentence if convicted on all counts of 67 and one half years imprisonment, fines totaling $1,125,000, a three year term of supervised release to follow the prison term, and a $500 special assessment.

9. I understand that if I represent myself, I am on my own. This Court cannot tell me- or even advise me-as to how I should represent myself at sentencing.

10. I understand there are arguments with which I can make regarding sentencing and the application of the Sentencing Guidelines as well as the statute that governs sentencing. I understand that an attorney may be aware of objections and arguments about sentencing that may not occur to me since I am not a lawyer. I understand this Court cannot give me any advice about these matters.

11. I understand that the Federal Rules of Criminal Procedure and the Sentencing Guidelines and 18 U.S.C. Section 3553 govern the way a sentence is determined and imposed in federal court. I understand that I must follow these rules.

12. I understand the effectiveness of my defense and my arguments about my sentence may well be diminished by my dual role as attorney and accused.

13. This Court has advised me that in this Court's opinion a trained lawyer would defend me far better than I could defend myself. This Court thinks it is unwise of me to try to represent myself because, in the court's opinion, I am not familiar with the law, I am not familiar with court procedure, and I am not familiar with the rules of evidence. I understand this Court strongly urges me not to try to represent myself.

14. I understand that because I am detained pending ~~trial~~ Sentencing, I have claimed that I am at a further disadvantage in trying to defend myself since I cannot easily meet with any witness, have limited access to legal materials, and cannot otherwise prepare my defense as well as if I was released on bond.

15. Now, in light of the penalties that I might suffer if I am found guilty, and in light of all of the difficulties of representing myself, I still desire to represent myself and to give up my right to be represented by a lawyer.

16. I further understand that if I engage in misconduct during the sentencing, my right to represent myself may be terminated by the Court.

17. I am making this decision freely, and it reflects my personal desire.

I have no questions, nor do I want this Court to clarify or explain further anything that I have stated here. I fully understand the foregoing statement, consisting of four (4) typewritten pages.

11/6/07
Date

_Michael C Reynolds_
MICHAEL REYNOLDS