IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MICHAEL CURTIS REYNOLDS,

    PETITIONER,

       VS.

UNITED STATES OF AMERICA,

    RESPONDENT.

DISTRICT CASE # 05:cr-0493

Judge : Conaboy

MOTION UNDER 28 U.S.C. §2241
AND 28 U.S.C. §2243
for immediate release

**FILED**
**SCRANTON**

NOV - 5 2009

PER _____

DEPUTY CLERK

    Inthat, the enclosed document, the Response Brief of the Government in matter 07-3210, Third Circuit Court of Appeals, clearly states that the Government knowingly arrested this Petitioner, eight months after learning from a certified expert that Petitioner had broken no law that would permit that arrest. Prosecution took place, with uncontested breached Search warrants, coached testimony and perjury at trial. All these facts went uncontested by the Government, and are proven by papers given the Petitioner as Government evidence. Petitioner has been held for four years, two of those due to unlawful acts of a Clerk of the Courts, who attempted to hide a Government failure to rebut the matter in Dec. 2007. The Government has since that time, supplied a Response Brief, in which the mentioned items above are not contested as true facts. The Government themselves admitted the unlawful arrest.

## REMEDY SOUGHT

    Petitioner seeks immediate release from his declared unlawful arrest and conviction, within the 28 U.S.C. §2243 provisions and Rule 23(b), immediate release and (3) release on personal recognizance, without surety bond.

    I, Michael Curtis Reynolds hereby certify under penalty of perjury pursuant to Title 28 U.S.C. §1746 the enclosed as true and correct.

OCT. 29, 2009

    DATED :

MICHAEL CURTIS REYNOLDS, PRO SE
PETITIONER

## HISTORY OF VINDICTIVE PROSECUTION

In determining the Vindictive Prosecution claim in this matter, one must start at the beginning, which in our case, the Government has conceeded this, in the Response Brief, page 37;

> (Tr. 557-58.) Not surprisingly, there being no testimony regarding the quantity of powder in the grenade or whether that quantity was sufficient to cause the grenade to explode, the jury acquitted Defendant of Count 5.

Since the only testimony, that of Sgt. Cody Bergen, was given in his Incident Report of April 23, 2005, some eight months prior to the arrest for this charge, (Count 5 was the original, only Count for arrest of this Petitioner), and on that same page 37, Government even gave us that evidence;

> "A. No. There wasn't enough there to cause---."

SO, the Government admits to knowing, that this was the **only testimony they were ever getting on Count 1, (Count 5 at Trial), then they have admitted here, by their own words, that they knowingly arrested for a charge that couldn't be convicted, thus a known false arrest.**

But there's more where that came from, since they knowingly used the false statements of Kevin Reardon in the Affidavit of Probable Cause for every arrest, search warrant and Indictment in this case. Should you doubt that they knew, this is the PSI statement **that the** Government used in sentencing:

| | | | |
|---|---|---|---|
| 143. | 6/7/78 (age 20) | **Arson 2nd Degree** / Town Court, North Salem, NY | 8/14/78: 3 years probation; 8/14/81: probation expired |

Defense Counsel: Anthony Naclerio, Esq.
On June 6, 1978, at approximately 10:15pm, the defendant ~~intentionally~~ **started a fire** at his family's residence with an **electronic incendiary device** during a time when his **parents were at home and asleep in bed.**

Then how does Kevin Reardon's story play, seen below, when the file states firstly, <u>intentionally started a fire</u>, but Kevin states, "<u>the explosive device did not detonate</u>," since to intentionally start a fire, it must have then, 'detonated'. Cannot be true, can it? Secondly, Kevin states, below, "<u>he attempted to connect an explosive device to his father's garage door which was designed to detonate when the garage door opened</u>." Yet the Report states nothing of anything

A    Yes, he said on Michael Reynolds' criminal history he was charged with attempted arson back in the late 1970's. It says here, this is from Reardon. Reardon indicated that when Reynolds was approximately 19 years old he attempted to connect an explosive device to his father's garage door which was designed to detonate when the garage door opened. The explosive device did not detonate, however, the explosive device was discovered by Reynolds' father and reported to law enforcement. Reynolds was subsequently arrested for Attempted Arson. Reardon advised this incident occurred in Purdys, Westchester County, New York.

Q    So this was years before?

A    Correct.

Q    Okay. That certainly was relevant to your investigation of not only the April 23rd incident, but also what was going on in these internet postings, is that right?

A    Yes.

connected to any door, and it does state that it was an "<u>**electronic incendiary device**</u>", which is clearly not an explosive. That same Report also states that his "<u>parents were at home and **asleep in bed.**</u>" Well, if they are asleep, how did Petitioner's father then, "<u>discover the device and report it to law enfocement</u>." All this on records this FBI and Prosecutor had the entire time, thus they knew they perjured, had no excuse to arrest, and convicted in spite of impossibility on

-viii-

part of the Petitioner to even  send any emails, see below;

> "Reynolds brought his desktop computer to SACHARZEWSKA's residence and connected his computer to **SACHARZEWSKA's monitor** so he could access his computer hard drive."

It doesn't take a Rocket Scientists to figure out that someone did not drive fourteen miles to use a computer monitor, if they already owned one. There was no Computer Monitor for the Desktop Computer, thus no emails could physically be sent from that Computer. Debra Reardon further testified, (please recall that Debra was a Prosecution witness), that there was no internet access while in New York State, from Nov. 20th-24th, while Petitioner was there. Petitioner again, as Debra testified;

> "We went out to buy him a computer monitor at the Salvation Army on Nov. 23, 2005."

Thus confirmation from the Prosecution's witnesses, (Justyna  and Debra), that this Petitioner had no computer monitor, and no internet access. In fact, even further proof of this is in the statement from the FBI, (Government EXHIBIT page 116);

> "The forensic examination of the hard drive revealed files depicting that REYNOLDS stayed at the motel. "
> "On January 5, 2006, SA Whitehead, (Larry Whitehead), returned the hard drive to VEGA."
> (VEGA is the owner of the RED CARPET INN, 400 Kidder Street, **Wilkes-Barre**, PA. The Petitioner stayed there while in PA Nov. 10-16, 2005. **Note that** there is not one phone record on this computer hard drive **that proves a** single internet usage, yet that computer logs all phone calls made. This means that while in PA, this Petitioner did not use the **internet.**)

This Petitioner did not use the internet, as he had **no computer** Monitor to use it, no phone line to call if he did, and by the very evidence this Government gave and never rebutted at all, could not physically have sent any emails whatsoever prior to Nov. 23, 2005. Petitioner cannot be guilty of sending these emails charged.

-ix-

# CERTIFICATE OF SERVICE

I, ____MICHAEL CURTIS REYNOLDS____, HEREBY CERTIFY UNDER PENALTY OF PERJURY PURSUANT TO TITLE 28 §1746 THE AFORESAID TO BE TRUE AND CORRECT, AND A COMPLETE COPY OF THE FOLLOWING MOTION TO THE COURT:

MOTION UNDER 28 U.S.C. §2241 and §2243
for immediate release

Which is deemed filed at the time it was delivered to prison authorities for forwarding to the court, Houston vs. Lack, 101 L.Ed.2d 245 (1988), upon the court and parties to litigation and/or his/her attorney(s) of record, by placing same in a sealed, postage prepaid envelope addressed to:

10671-023

Theodore Smith
Attorney   AT   LAW
228 Walnut Street
PO BOX 11754
Harrisburg, PA - 17106
United States

and depositied same in the Legal Mail Depository for the United States Post Office, at the United States Pennitentiary; Signed on this __29th___ day of October___, _2009___.

Respectfully Submitted,

____Michael Curtis Reynolds_____
PETITIONER PRINTED NAME

CERTIFIED SLIP NUMBER :

____/_____/_____/_____

_____
PETITIONER SIGNATURE

REG. NO. __10671-023_____

Your Honor,

As a District Judge may entertain a Motion under §2241 challenging conviction and sentence, and in matter 05:CR-0443, Appeal Case 07-3210 the Government did admit to knowingly arresting for a charge they were fully aware they had no legal basis in, I move your Court:

Emergency Motion under §2241 & §2243

I ~~expect the Court to return~~ this according to immediate conditions for proven unlawful detainment or schedule immediate hearing upon.

Sincerely,

Michael Curtis Reynolds

MICHAEL CURTIS REYNOLDS
REG. NO. 10671-023
USP ALLENWOOD   PO BOX 3000
WHITE DEER, PA. 17887

HARRISBURG PA 171

02 NOV 2009 PM 2 T

**MAILED FROM**

**U.S PENITENTIARY**

RECEIVED
SCRANTON

NOV 5 2009

MARY E. D'ANDREA, CLERK

Per_____
DEPUTY CLERK

10671-023

HONORABLE JUDGE CONABOY
----chambers----only----
US District Courthouse
235 North Washington AVE.
Scranton, PA - 18501 - 1148
United States