IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MICHAEL CURTIS REYNOLDS,        SCRANTON      DISTRICT CASE # 05:cr-0493

PETITIONER,                                   APPEAL CASE #  07-3210

vs.                      NOV 06 2009           Case No. _____

UNITED STATES OF AMERICA,

RESPONDENTS.        PER_____ DEPUTY CLERK     JUDGE : ___Conaboy_____

EMERGENCY MOTION BEFORE A SINGLE JUDGE
PURSUANT TO 28 U.S.C. §2241 and §2243
FOR IMMEDIATE RELEASE

In support of the previous filing with this Court, the Petitioner offers this case law precedent rulings of a finding of Due Process denial on his Speedy Appeal, being delayed, by the Court, thus is chargeable against the Government, for over two years. As the Petitioner filed his Appeal under the Supreme Court ruling found in US vs. Goodwin, (cited in US vs. Meyers, 810 F2d 1242), which, upon failure to rebut a Vindictive Prosecution claim the charges are Dismissed With Prejudice. The Appeal Cout Clerk, in altering Court Docket entries, has averted this failure, under Federal Rules of Appellate Procedures, Rule 31(a), for the Government's Response to be served upon the party within thirty (30) days of the service of the Appeallant's Brief upon them, which occurred in Sept. 2007.

There was no response given, in fact, the Court Ordered a response to Oral Argument by the Government on or before 12/17/2007. The Appeal Clerk covered this error, by altering Judge Kosik's order of Pro Se status of the Petitioner some three months late, thus claiming, 'all papers prior to the Pro Se letter, dated 2/28/2008 were forwaded, without action by the Court, to the appointed Attorney of Record.' The Petitioner was the appointed Attorney of Record, as the Counsel appointed him by the District Court was "standby Counsel", per Judge Kosik's orders. The Appeal Clerk ignred this Order.

REMEDY SOUGHT

Petitioner seeks immediate release, return of all personal proerty or replacement thereof by the Government, and any deemed relief due him.

I, Michael Curtis Reynolds hereby certify under penalty of perjury pursuant to Title 28 U.S.C. §1746 the attached as true and correct.

___Nov. 2, 2009___

DATED :

MICHAEL CURTIS REYNOLDS, PETITIONER

BRIEF IN SUPPORT

Burkett vs. Cunningham, 826 F2d 1208 (#rd Cir. 1987); "We have held that inordinate and unexcused delays in post-trial or Post-conviction proceedings may violate a convict's 'Constitutional Rights'. Coldspotl, 589 F2d at 142. Several other Courts of Appeals have identified the source of these rights as the Due Process Clause." See Lowe vs. Letsinger, 772 F2d 308, 312 (7th Cir. 1985); Delancy vs. Caldwell, 741 F2d 1246 (10 Cir. 1984); US vs. Pratt, 645 F2d 89, 91 (1st Cir. 1981), cert. denied, 454 US 881, 70 L.Ed.2d 195, 102 S.Ct. 369 (1981); Rheuark vs. Shaw, 628 F2d 297, 302-04 (5th Cir. 1980), cert. denied, 450 US 931, 101 S.Ct. 1392, 67 L.Ed.2d 365 (1981); Rivera vs. Concepcion, 469 F2d 17 (1st Cir. 1972), stating, " But two years of total inaction, however occassioned, while the [petitioner's] remain incarcerated seems more than enough. **Nor is it to be overcome by a present exercise of diligence and treated as if it had not occurred**. Any such rule would mean that a defendant may be freely given improper consideration until the system, **or the parties at fault**, are caught out.

If an Appellate Court **directly**, or through the agency of the trial Court, refuses bail to an Appellant, there should be an implicit obligation on the part of those in authority to permit, **and where necessary to assist**, in the prompt prosecution and disposition of the Appeal." See also: MclaIlen vs. Henderson, 492 F2d 1298, 1299-1300 (8th Cir. 1974); Way vs. Crouse, 421 F2d 145, 146-47 (10th Cir. 1970); US ex rel. Hankins vs. Wicker, 582 F.Supp. 180, 185 (WD PA 1984), aff'd mem., 782 F2d 1028 (3rd Cir.), cert. denied, 479 US 831, 107 S.Ct. 118, 93 L.Ed.2d 64 (1986); Mitchell vs. Zimmerman, 582 F.Supp. 186, 187-88 (ED PA 1984).

Burkett also states, "The Due Process Clause thus protects not only against delays in trial, including sentencing; it also guarantees a

reasonably speedy appeal if the state has chosen to give defendants the right to 'attempt [] to demonstrate that the conviction, and the consequent loss of liberty, is unlawful." Evitts vs. Lucey, 469 US 387, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985).

Thus, in a matter, proven by the Court Docket and supporting evidence in the form of Judge Kosik's own Orders, show that the Clerks, Carmella L. Wells, and her supervisor, Marcia Waldron, combined to then deny Due Process to this Petitioner, under the Supreme Court rulings of US vs. Meyers, 810 F2d 1242, (quoting US vs. Goodwin), that the failure on the part of the Government to rebut a presumptive claim of Vindictive Prosecution, which the Government did by defaulting the Federal Rules of Appellate Procedures, Rule 31(a), in **not responding within the prescribed thirty (30) day time limit upon service of the Appellant's Brief**. The Respondents also failed to respond to the **Court-ordered Oral Argument due on or before 12/17/2007**. As stated precisely in Rivera, thus, **'Nor is it to be overcome by a present exercise of diligence and treated as if it had not occurred**." This does not cure that which the Clerks have done already, denied due process. Compounded by the fact that the Respondents have admitted that the Government **never had probable cause to arrest**, by stating, 'Not surprizing, that with no testimony...the defendant was acquitted on Count 5 at trial.' SInce Count 5 was the original Count 1, the **only charge the defendant was arrested for, thus the entire basis for all search warrants and subsequent arrests**, and the Respondents admit that they knew, eight months prior to arrest that the **act was not found to be illegal**.

But wait, there's more! the Respondents have conceeded, by their refusal in the response brief to deny, or serve evidence in support of any such denial, that the Affidavit of Probable Cause was perjured and known to be so, each and every time that it was used. They did not dispute

or deny in any form the fact that the search warrants were in fact breached, prior to the issuance date. They did not deny, nor dispute that the FBI Agent, Joseph Noone perjured at Trial, under oath, and they did not deny nor refute that the FBI coached Ola Whitebread's testimony. They did not deny that John Gurganus did in fact, mislead the jury, and for that matter, not one word in denial that John Gurganus, Prosecutor knew of all the false statements, perjuries and coaching the entire time, to include the false statement on the Affidavit of Probable Cause, prior to the arrest on December 5th, 2005.

Now, add that to the Due Process denial that the Clerks of the Appeal Court caused in the two-year delay of process, and the 'restart' by the Head Clerk Marcia Waldron, which they attempt to overcome the Supreme Court **mandated outcome in US vs. Meyers, Dismissal With Prejudice on All Counts.** Then tell the Petitioner why he should remain in prison without a habeus release immediately, a finding of the Vindictive Prosecution that took place, and some form of return of all property, to include his drivers lisences and passport, that this Government action denied him, along with his personal property release and or replacement by the Government today.

US vs. Smith, 94 F3d 204 (6th Cir. 1996): "In the context of the right to a speedy Appeal, the Barker prejudice factor contemplates: (1) Prevention of oppressive incarceration pending Appeal, (Petitioner has been assaulted  three time while imprisoned, once by staff at LCP, and twice by inmates at USP's); (2) Minimization of anxiety and concern of those convicted awaiting the outcome of their appeals, (four years in wait for a crime that wasn't illegal, known as such months prior to the arrest); and (3) Limitation of the possibility that a convicted person's grounds for Appeal, and his or her defenses in case of reversal and retrial, might be impaired, (the key defense witness is eighty years old).

# CERTIFICATE OF SERVICE

I, _Michael Curtis Reynolds_, HEREBY CERTIFY UNDER PENALTY OF PERJURY PURSUANT TO TITLE 28 §1746 THE AFORESAID TO BE TRUE AND CORRECT, AND A COMPLETE COPY OF THE FOLLOWING MOTION TO THE COURT:

Emergency Single Judge Motion
Habeus Petition

Which is deemed filed at the time it was delivered to prison authorities for forwarding to the court, Houston vs. Lack, 101 L.Ed.2d 245 (1988), upon the court and parties to litigation and/or his/her attorney(s) of record, by placing same in a sealed, postage prepaid envelope addressed to:

10671-023
Theodore Smith
Attorney    AT    LAW
228 Walnut Street
PO BOX 11754
Harrisburg, PA - 17106
United States

and depositied same in the Legal Mail Depository for the United States Post Office, at the United States Pennitentiary; Signed on this __2nd__ day of _November_, _2009_.

CERTIFIED SLIP NUMBER :

_____/_____/_____/_____

Respectfully Submitted,

__Michael Curtis Reynolds__
PETITIONER PRINTED NAME

__Michael Curtis Reynolds__
PETITIONER SIGNATURE

REG. NO. ___10671-023___

Your Honor,

Consider that in <u>Rivera vs Concepcion</u>, 469 F2d 17 (1st Cir 1972); "Petitioners sought habeus relief in the [district] Court for denial of Due Process on grounds that Court Transcripts had not been done in over two years, so they could not begin their appeal."

In our matter, the Appeal Clerk claimed this, but <u>after</u> an Appellant Brief, which contained thirty pages of copied Transcripts, (Petitioner had his Transcripts since August, thus submitted his Brief, per FRAP Rule 31 (a), in Sept. 2007), after stalling on any Motions to place the Brief before a panel, Petitioner filed charges with the Inspector General's office and reported Clerk to the Washington District Court Administration. Clerk then reported, "We await Transcripts from the District Court in order to provide them to Appellant to commence the Briefing Schedule." (Petitioner is the Appellant, the Brief was filed in Sept. 2007 and <u>again</u> in Nov. 2008, with Transcript copies in both. After calling a review upon the clerk, (mysteriously the Clerk is now the Case manager who reviews her own errors), and started or shall we say restarted the <u>entire</u> filing process.

This violates Supreme Court case arguments used in this matter of <u>US vs Goodwin</u>, for no rebuttal, (this argument exists within cases 07-CV-0674, 0675; 2567, 2568, (both with a Certificate of No-Contest), 3210 in Pa; 07-CV-5824,

and 09-3929 in Ny and never rebutted. This case at hand is clearly similar to its denial scheme as Concepcion, the Court's excuse for a two year delay for Transcripts, the exception here being they were in the Brief filed in Sept. 2007, just ignored. For two years until the Clerk was caught at it.

Worse than Concepcion, is that, in the Support Briefs, here and prior sent, the Government admits no probable cause did exist for the arrest, ever. Nor did Government deny the known false statements within the affidavit since it was created. So, unlike the Petitioner in Concepcion, this Petitioner has been actually innocent, but sitting in jail for four years while Court Clerks play with delays. Read the Briefs, you'll be surprised. Hold a hearing and I'll surprise you even more.

Sincerely,

Michael Curtis Reynolds

By the way, this case 07-3210 also has a Certificate of No-Contest, unchallenged, filed on April 16, 2009. The restart was in July, 2009.

Case 3:05-cr-00493-MEM     Document 351     Filed 11/06/09     Page 8 of 8

MICHAEL CURTIS REYNOLDS
REG. NO. 10671-023
USP ALLENWOOD  PO BOX 3000
WHITE DEER, PA. 17887

HARRISBURG PA 171

03 NOV 2009  PM 5 T

USA 1¢

American Kestrel

4 USA

USA 1¢

American Kestrel

USA 1¢

American Kestrel

MAILED FROM
U.S PENITENTIARY

RECEIVED
SCRANTON

NOV 0 6 2009

PER _____
DEPUTY CLERK 10671-023

HONORABLE JUDGE CONABOY
----chambers----only----
US District Courthouse
235 North Washington AVE.
Scranton, PA - 18501 - 1148
United States