IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MICHAEL CURTIS REYNOLDS,
           VS.   PETITIONER,

UNITED STATES, RESPONDENT.

FILED
SCRANTON
Appeal CASE NO. 07-3210
District Case # 05-cr-0493

NOV 3 0 2009

PER _____ Judge Conaboy _____
DEPUTY CLERK

MOTION UNDER §2243 for MOTION UNDER §2241
FOR EMERGENCY HABEUS RELESE PENDING APPEAL

Inthat the Petitioner, under §2243, a Petitioner can and should be released pending Appeal, if it is apparent that there is an excellent chance of overturning the conviction, and, under the Speedy Appeal, which is part of the Speedy Trial Act, a Petitioner cannot remain in custody for an unreasonable length of time, established as being less than eighteen months. Petitioner has exceeded this time limit almost a year ago. Thus, is eligible for release. As the lead Government Exhibit (Emails) witness, Ms. Shannen Rossmiller, was on CNN the morining of November 20, 2009, and the FBI had declared her not credible, since in her own on air interview, she stated,

"They could have prevented the massacre at FT. Hood, had they listened to me."

This was the credible witness at the trial in 2007, the same witness that at that trial, was under investigation by the FBI for 'improprieties stemming from fabrications and illegal activities' on her part during FBI paid informing, (Ms. Rossmiller, claiming to be a "Patriot", collects $15,000.00 a month in pay from the FBI), and has not, even though testifying at this trial, been found credible enough to have investigated the 'prevention of 13 deaths and untold injuries' that she could have personally prevented. This is not then a credible witness, by any stretch of the imagination. In fact, it seems that her 'credibility' if ever she had some, declined since her testimony at this Petitioner's trial. If not, explain how this, 'terrorist expert' is no longer a viable source of information to have considered to prevent unecessary deaths. Plainly she is not deemed, by the FBI, no less, credible at all. In addition to the other information given in the previous habeus petition, this Petitioner should then be immediately released.

I, Michael Curtis Reynolds hereby certify under penalty of perjury pursuant to Title 28 USC §1746 the above as true and correct.

11/20/2009

Under the Federal Rules of Evidence, Rule 201;

(a) Scope of Rule.

This rule governs only judicial notice of adjudicated facts.

(d) When Mandatory.

**A Court shall take Judicial Notice if requested by a party and supplied with the necessary information.**

CNN CABLE NEWS, NOVEMBER 20, 2009 6:00 am, EST:
SHANNEN ROSSMILLER, FBI INFORMANT STATES,
"I had the information to prevent what
happened at Ft. Hood, but the FBI didn't
believe me."

Thus, the FBI found Ms. Rossmiller to be an **unreliable source** of information, that her **credibility was lacking**. This Court should also note, as it is supported in the Trial Transcripts, that the FBI testified that the emails Ms. Rossmiller was involved with were **cut-and-pasted**, which is in itself a violation of evidence tampering, thus also unreleiable. These emails before this Court were created by Ms. Rossmiller, and cannot then be credible. In fact, all the emails this Court shall consider, and that is only emails from November 10-16, 2005, (as venue was argued, and Petitioner was only in Penssylvania between those dates, thus only emails between those dates are applicable for review), were done by Ms. Rossmiller, and not then credible. This Court has then been furnished the information and shall take Judicial Notice, **again uncontested facts by the Government.**

"The District Court took **Judicial Notice** of the news coverage received by the settlement, including wire service articles published in various state, local and trade newspapers. Fairness Opinion, 962 F.Supp. at 496."

I, Michael Curtis Reynolds hereby request this Court take Judicial Notice of the acts, uncontested by the Government, certified as true and correct, under penalty of perjury pursuant to Title 28 USC §1746.

11/20/2009

Since the FBI and other levels of professional law enforcement intelligence auhtorities found Ms. Rossmiller's "proof" to be lacking, this Court, under the Rules of Evidence, Rule 201(d), is then made to bwe mandated to take **Judicial Notice of the fact Ms. Rossmiller, on Public Television, declared herself to be judged not credible**. The Court should give no weight to the testimony and evidence she then presented. Since the FBI experts she worked under declared that the emails were cut-and-pasted, they violated the Federal Rules of Evidence in any event, and should never have been deemed admissible. Ms. Rossmiller was under investigation during the Petitioner's trial in 2007, for 'impropriety in obtaining evidence', this and the FBI evidence altering, in the form of cut-and-pasting the emails, are matters of fact in the testimony at Trial of this Petitioner, known full well to the Government, therefore this is not 'surprise evidence' that they could complain to the Court about. Since the Government was notified each and every step prior, during and after trial, in the form of Motions filed, with exhibits, they now have no complaints, since they never raised any, rebutted any, or proved otherwise.

Thus, they cannot raise any complaint now, being so time-barred. All of the facts contained in this statement are either evidence that was given the Government, given the Petitioner by the Government, or public knowledge, thus established facts under the law. This Court should then accept these as established facts, as they were presented in the District Court, and not disproven. As facts they should be used in the adjudication of the matter before them, determining the level of Vindictive Prosecution done to this Petitioner, as it is not a legal question of **IF there was Vindictive Prosecution, but HOW MUCH was done, since the Prosecution still proceeded, without Probable Cause for arrest, and with a perjured Affidavit to do so.**

In Lara vs Smith, 2005 US DIST LEXIS 35689, (3rd Cir); Restitution schedules relate to the execution of restitution orders and can be brought and challenged through 28 USCS § 2241. A petitioner could raise such a challenge through a 28 USCS § 2241 petition as it was a challenge to the execution of the sentence. See Galluzzi vs Jusino, 49 Fed Appx 391 (3rd Cir 2002) and Cooper vs Miner, 3:00-CV-2037 (MD PA 2001)(Conaboy)

The Third Circuit stated that a petitioner could raise such a challenge through a 28 USCS § 2241 petition as it was a challenge to the execution of the sentence.

In Coady vs Vaugh, 251 F3d 480 (3rd Cir 1998); 28 USCS § 2241 is the only statute that confers habeus jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but

the execution of his sentence. (Such as why the BOP, with its instructions to retain petitioner at or near Canaan facility, an FCI, has but 12 pts and is kept in USP's with <u>no</u> prior criminal history points versus Otisville, FCI) <u>US vs. Addonizio</u>, 442 US 178, 185-88, 60 LEd2d 805, 99 S.Ct. 2235 (1979). See also: <u>Bennett vs. Soto</u>, 850 F2d 161, 162-63. (3rd Cir 1988).

In <u>US vs Coates</u>, 178 F3d 681, 684-85 (3rd Cir 1999) (ordering schedule of restitution payments is judicial function that cannot be delegated in whole or in part). See <u>US vs Robinson</u>, 2009 US LEXIS 11793 (3rd Cir.) In <u>US vs Wynn</u>, 2009 US App LEXIS 10903 (3rd Cir); "The US Court of Appeals for the Eighth Circuit has held that challenges to the IFRP collection mechanism concerns the execution of a sentence



and are correctly framed as habeus corpus petitions pursuant to 28 USCS § 2241. A challenge to the Bureau of Prison's execution of sentence is properly brought under 28 USCS § 2241. See Coates, Corely and Woodall vs FBOP, 432 F3d 235, 241-43 (3rd Cir. 2005) This also applies to PSI usage and the classification of petitioner to USP's in the BOP through the use of false records, (See Reynolds vs US, 07-3210, under FRAP 28(b) the Governments failure to rebut evidence the 1995 charges used were known or should have been known as false, no arrest or conviction occurred, proven by document evidence).

Thus, restitution is not scheduled by the BOP, cannot have sanctions imposed for failure to comply and should have an Injunction served blocking both pending correction.

# CERTIFICATE OF SERVICE

I, _Michael Curtis Reynolds_, HEREBY CERTIFY UNDER PENALTY OF PERJURY PURSUANT TO TITLE 28 §1746 THE AFORESAID TO BE TRUE AND CORRECT, AND A COMPLETE COPY OF THE FOLLOWING MOTION TO THE COURT:

*Emergency Motion Under §2243 For §2241 Habeus Release*

Which is deemed filed at the time it was delivered to prison authorities for forwarding to the court, <u>Houston vs. Lack</u>, 101 L.Ed.2d 245 (1988), upon the court and parties to litigation and/or his/her attorney(s) of record, by placing same in a sealed, postage prepaid envelope addressed to:

10671-023

Theodore Smith
Attorney    AT    LAW
228 Walnut Street
PO BOX 11754
Harrisburg, PA - 17106
United States

and depositied same in the Legal Mail Depository for the United States Post Office, at the United States Pennitentiary; Signed on this __20th__ day of __November__, __2009__.

CERTIFIED SLIP NUMBER

|   |   |   |   |   |   |
|---|---|---|---|---|---|

Respectfully Submitted,

_Michael Curtis Reynolds_
PETITIONER PRINTED NAME

_Michael Curtis Reynolds_
PETITIONER SIGNATURE

REG. NO. __10671023__

Michael Curtis Reynolds
Reg # 10671023
USP Allenwood
Po Box 3000
White Deer, Pa 17887

Harrisburg, PA 171
TUE 24 NOV 2009 PM

RECEIVED
SCRANTON
NOV 30 2009
PER _____
DEPUTY CLERK

MAILED FROM
U.S PENITENTIARY

10671-023
Honorable Judge Edwin M Kosik
-----chambers OF ------
US District Court
235 No.washington Avenue
Scranton, PA - 18501 - 1148
United States