UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | . | |
| | . | CRIMINAL NO. 3:CR-05-493 |
| v. | . | (Judge Kosik) |
| | . | |
| MICHAEL CURTIS REYNOLDS, | . | |
| | . | |
| Defendant. | . | |

GOVERNMENT'S RESPONSE TO
DEFENDANT'S MOTION FOR IMMEDIATE RELEASE

Procedural History

On December 5, 2005, Defendant Michael Curtis Reynolds was
arrested in Idaho, and charged in the Middle District of
Pennsylvania, by criminal complaint, with possession of an
unregistered destructive device--a hand grenade--in violation of
26 U.S.C. § 5861(d).  (Tr. 288-91; Dkt. Entry No. 1.)  On
December 20, 2005, the grand jury returned a two-count indictment
charging Defendant with two counts of possession of an
unregistered destructive device in violation of 26 U.S.C. §
5861(d).  (Doc. No. 16.)

The grand jury on October 3, 2006, returned a six-count
superseding indictment.  (Dkt. Entry No. 80.)  That superseding
indictment charged Defendant with attempting to provide material
support and resources to a foreign terrorist organization in
violation of 18 U.S.C. § 2339B (Count 1); attempting to provide
material support and resources to damage or destroy property used
in commerce by means of fire or explosive, and to damage or

attempt to damage an interstate gas pipeline, in violation of 18 U.S.C. § 2339A (Count 2); solicitation or inducement of another to damage or destroy property used in commerce by means of fire or explosive, and to damage or attempt to damage an interstate gas pipeline in violation of 18 U.S.C. § 373 (Count 3); distribution through the internet of information demonstrating the making or use of an explosive or destructive device with the intent that the information be used to commit a federal crime of violence in violation of 18 U.S.C. § 842(p)(2) (Count 4); and the same two counts of possessing unregistered destructive devices-- hand grenades--that had been charged in the original indictment (Counts 5 and 6).  (Doc. No. 80.)

On July 9, to July 12, 2007, Defendant underwent trial before this Court.  On July 12, 2007, the jury found Defendant guilty of Counts 1 through 4 and Count 6, and acquitted him of Count 5.  (Tr. 866-67.)

Defendant prematurely filed his notice of appeal July 23, 2007.  (Dkt. Entry No. 249.)  On November 6, 2007, the district court sentenced Defendant to 360 months' imprisonment and three years' supervised release and to pay $500 in special assessments. (Dkt. Entry No. 297.)

Presently, this case is within the jurisdiction of the United States Court of Appeals.  The parties have briefed the relevant issues, and the case is likely to be considered by a panel of the  Court of Appeals in mid January 2010.

Reynolds has filed with this court motions for emergency release pending appeal.  He cites 28 U.S.C. Sections 2241 and 2243 as authority for his release.

A. Discussion.

Reynolds is not eligible for release under the Bail Reform Act.

Under 18 United States Code, Section 3143(b)(2), Reynolds is required to be detained pending appeal since this case involves attempting to provide material support and resources to a foreign terrorist organization in violation of 18 U.S.C. § 2339B (Count 1); attempting to provide material support and resources to damage or destroy property used in commerce by means of fire or explosive, and to damage or attempt to damage an interstate gas pipeline, in violation of 18 U.S.C. § 2339A (Count 2). Therefore, under the plain terms of the Bail Reform Act, Reynolds must be detained pending the outcome of his appeal.

The Habeas Corpus provisions of Section 2241 do not authorize release.

Title 28, United States Code, Section 2241(a) and (c) now authorize "the Supreme Court, any justice thereof, the district courts and any circuit judge" to grant a writ of habeas corpus to someone "in custody under or by color of the authority of the United States," or to someone "in custody in violation of the Constitution or law or treaties of the United States." Thus, in accord with historical practice, Section 2241 today authorizes habeas corpus petitions for federal prisoners as well as state

prisoners. See Felker v. Turpin, 518 U.S. at 659-60; United States v. Hayman, 342 U.S. 205, 211-12 & nn.10-11 (1952). Because Section 2255 has largely supplanted Section 2241, federal prisoners can file habeas corpus petitions only where (1) Section 2255 by its terms does not apply—i.e., where the "judgment" or "sentence" is not being attacked, see United States v. Barrett, 178 F.3d 34, 50 n.10 (1st Cir. 1999); Valona v. United States, 138 F.3d 693, 694 (7th Cir. 1998); or (2) Section 2255 is held to be "inadequate or ineffective." 28 U.S.C. § 2255 ¶ 5.

Addressing the first category of cases, Professor Wright explains that habeas corpus petitions

> may be used only by those who are not within the scope of § 2255, such as a person committed for mental incompetency, or one confined in prison without any judgment of a court, or one who is challenging the manner in which his sentence is being executed, or one who is challenging revocation of parole, or one who does not challenge his conviction or his sentence but claims he is being held after expiration of his sentence.

3 Charles Alan Wright, Federal Practice & Procedure (Criminal) § 591, at 425-26 (2d ed. 1982) (footnotes omitted) ["3 Wright"]; see Valona v. United States, 138 F.3d 693, 694 (7th Cir. 1998) ("A motion seeking relief on grounds concerning the execution but not the validity of the conviction and sentence—for example, a motion contending that the prison unlawfully deprived a prisoner of good time credits, or that parole officials unconstitutionally denied an application for release—may not be brought under § 2255 and therefore falls into the domain of § 2241").

Examples of cases properly brought under Section 2241 include Carmona v. Bureau of Prisons, 243 F.3d 629, 632 (2d Cir. 2001) (challenge to prison disciplinary sanctions); Rogers v. United States, 180 F.3d 349, 356-57 (1st Cir. 1999) (claim of credit for time served); Clemente v. Allen, 120 F.3d 703, 704-05 (7th Cir. 1997) (claim that Bureau of Prisons miscalculated length of sentence); Campos v. U.S. Parole Comm'n, 120 F.3d 49, 49-50 (5th Cir. 1997) (per curiam) (claim that parole was improperly revoked); see also Bush v. Pitzer, 133 F.3d 455 (7th Cir. 1997) (claim under 18 U.S.C. § 3621(e)(2) possibly cognizable under 28 U.S.C. § 2241).  A federal prisoner who challenges the execution of his sentence pursuant to a habeas corpus petition may be required to exhaust all available administrative remedies. See United States v. Chappel, 208 F.3d 1069, 1069-70 (8th Cir. 2000).

Section 2255 is a substitute for, not a supplement to, habeas corpus. It provides that

> [a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255 ¶ 5.  That means that federal prisoners cannot file habeas petitions under 28 U.S.C. § 2241 unless Section 2255 is "inadequate or ineffective" as applied to them.

Courts have held that Section 2255 is "inadequate or ineffective" in one circumstance—where the AEDPA's "gatekeeping" rules operate to bar claims of innocence based on a Supreme Court decision that narrowed a federal criminal statute after the defendant's first Section 2255 motion was decided. See, e.g., Reyes-Requena v. United States, 243 F.3d 893, 904-06 (5th Cir. 2001); In re Jones, 226 F.3d at 334; In re Davenport, 147 F.3d at 611-12; Triestman v. United States, 124 F.3d 361, 374-76 (2d Cir. 1997); In re Hanserd, 123 F.3d 922, 929-30 (6th Cir. 1997); In re Dorsainvil, 119 F.3d at 249-51. Outside of this context, Section 2255 will almost never be "inadequate or ineffective." The important point in most cases will be that Section 2255 is not an "inadequate or ineffective" remedy "merely because th[e] petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255," In re Dorsainvil, 119 F.3d at 251, or because he "faces [some other] substantive or procedural barrier to § 2255 relief," Triestman v. United States, 124 F.3d at 376.

Accordingly, Reynolds' cannot rely on a petition filed pursuant to 28, United States Code, Section 2241 to challenge his detention at this time and his request on that ground should be denied.

Because Reynold's direct appeal is pending, any Section 2255 motion would be premature.

In the event this Court interprets this petition liberally

and characterizes this case under Section 2255, the petition should also be denied as premature.   Certainly it does not authorize the defendant's release given the procedural posture of this case.

Absent "exceptional circumstances," courts will not entertain a Section 2255 motion while a direct appeal is pending. Fassler v. United States, 858 F.2d 1016, 1019 (5th Cir 1988)(petitioner may not collaterally attack conviction until affirmed on direct appeal); United States v. Deeb, 944 F.2d545, 548 (9th Cir. 1991)(petitioner may not file a Section 2255 motion while a direct appeal is pending).   In light of the above, this court should not begin entertaining a motion attacking Reynolds conviction or sentence until after the direct appeal is decided.

In that regard, the government will not address the myriad of meritless claims in Reynolds' filings until directed to do so in response to a properly filed Section 2255 motion attacking the conviction and sentence.

Respectfully submitted,

DENNIS C. PFANNENSCHMIDT
United States Attorney

s/s John C. Gurganus, Jr.
JOHN C. GURGANUS, JR.
Assistant U.S. Attorney

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | . |
| | . CRIMINAL NO. 3:CR-05-493 |
| v. | . (Judge Kosik) |
| | . |
| MICHAEL CURTIS REYNOLDS, | . |
| | . |
| Defendant. | . |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion as to be competent to serve papers.

That on December 8, 2009 he served a copy of the attached:

GOVERNMENT'S RESPONSE TO
DEFENDANT'S MOTION FOR IMMEDIATE RELEASE

by hand delivery to prison personnel at USP Allenwood with a request that it be provided immediately to:

**Michael Curtis Reynolds**
10671-023
USP Allenwood
PO Box 3000
White Deer, PA 17887

/s/ John Gurganus
Assistant U.S. Attorney