UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

MICHAEL CURTIS REYNOLDS,
    Petitioner

v.

UNITED STATES OF AMERICA,
    Respondent

CASE NO. 3:05-CR-493

(Judge Nealon)

FILED
SCRANTON

NOV 28 2012

PER _____
DEPUTY CLERK

## MEMORANDUM

On July 13, 2007, a jury found Petitioner, Michael Curtis Reynolds, who is currently incarcerated in the Victorville United States Penitentiary in Adelanto, California, guilty of five (5) charges relating to his efforts to assist al-Qaeda in acts of terrorism. (Doc. 322). On November 6, 2007, Petitioner was sentenced to three hundred sixty (360) months imprisonment. (Doc. 297). After the Court's disposition of post-sentencing motions, see (Docs. 308-370), the Third Circuit Court of Appeals affirmed judgment on March 18, 2010. (Docs. 367, 371).

On August 29, 2011, Petitioner filed his first motion to vacate sentence pursuant to 28 U.S.C. § 2255. (Doc. 440). This Court issued an Order on October 3, 2011, pursuant to United States v. Miller, 197 F.3d 644, 648 (3d Cir. 1999), and Mason v. Meyers, 208 F.3d 414, 417 (3d Cir. 2000), notifying Petitioner of the limitations upon filing another petition if his motion to vacate was considered by the Court, and giving him an opportunity to withdraw and/or amend the motion. (Doc. 442). On November 8, 2011, Petitioner returned this Court's Notice of Election form indicating that he wished to have his section 2255 motion ruled on as filed. (Doc. 448). The motion to vacate was dismissed on the merits on August 15, 2012. (Docs. 478-479). Appeal of this decision is pending before the Third Circuit Court of Appeals. (Docs. 483-485).

Unbeknownst to this Court, while the motion to vacate was still pending, Petitioner filed

a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the United States District Court for the Central District of California, Western Division. (Docs. 489). Specifically, on April 30, 2012, Petitioner filed a memorandum titled "§ 2241 in CONJUNCTION WITH A MOTION UNDER § 1651 for a HABEAS CORPUS AD SUBJICIENDUM" [sic]. (Id.). This matter, Reynolds v. Quintana, was assigned Case No. 12-cv-3706 in the Central District of California. (Id.) (memorandum dated April 16, 2012, lodged April 30, 2012). In May 2012, Petitioner filed an amended section 2241 petition using the Court's standard form. (Doc. 489-1) (petition dated May 1, 2012, lodged May 17, 2012). The Magistrate Judge issued a Report and Recommendation ("R&R") finding that because Petitioner was challenging his conviction imposed in the Middle District of Pennsylvania and section 2255 was not an inadequate or ineffective remedy, the United States District Court for the Central District of California did not have jurisdiction. (Doc. 489). On September 25, 2012, the R&R was adopted and the petition transferred to this Court for disposition as a section 2255 motion. (Id.).

On September 28, 2012, Petitioner filed another habeas corpus petition pursuant to 28 U.S.C. § 2241 in the United States District Court for the Central District of California, Western Division. (Doc. 490) (petition dated September 24, 2012). The petition, again challenging Petitioner's conviction and sentence from the Middle District of Pennsylvania, was docketed at Reynolds v. McGrew, Case No. 12-cv-8605 in the Central District of California. (Id.). On October 15, 2012, the District Court concluded that it did not have jurisdiction because the remedy under section 2255 was not inadequate or ineffective, and transferred the petition to this Court for disposition as a motion under 28 U.S.C. § 2255. (Id.).

The motions, received in this Court on October 3, 2012, and November 15, 2012, have

been given preliminary review pursuant to Rule 4 of the Rules Governing Section 2255 Cases[1] and, for the reasons set forth below, will be denied.

**Discussion**

"Motions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution." O'Kereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). A petitioner may invoke section 2241 if his remedy under section 2255 is inadequate or ineffective to test the legality of detention. See 28 U.S.C. § 2255(e); Manna v. Schultz, 454 Fed. Appx. 31, 33 (3d Cir. 2010). "A § 2255 motion would be inadequate or ineffective only if the petitioner can show that a limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim." O'Kereke, 307 F.3d at 120.

Both petitions filed in the United States District Court for the Central District of California challenge Petitioner's conviction and sentence imposed in the Middle District of Pennsylvania; therefore, section 2255 governs. Further, the remedy under section 2255 is adequate to test Petitioner's claims, as evidenced by the fact that this Court was considering his 2255 motion at the time he filed his first section 2241 petition in the Central District of California and had already addressed his claims on the merits under section 2255 when he filed his second 2241 petition. See Cradle v. United States, 290 F.3d 536, 539 (3d Cir. 2002) ("Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the

---

[1]Rule 4 provides: "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion...." U.S.C. Sec. 2255 Proc. R. 4(b).

3

stringent gatekeeping requirements of the amended § 2255."). Accordingly, this Court agrees with the United States District Court for the Central District of California that Petitioner's motions must be construed pursuant to 28 U.S.C. § 2255. This Court must now decide whether to treat the motions as successive section 2255 motions or as addendums to his original motion to vacate sentence.

A.  **Motion dated May 1, 2012, (Doc. 489-1)**

In Harris, the Third Circuit Court of Appeals concluded that an "Addendum" filed while the petitioner's first section 2255 motion was pending would not have been a second or successive petition. See United States v. Harris, 125 Fed. Appx. 458, n.2 (3d Cir. 2005). In that case, the petitioner filed his first motion to vacate pursuant to 28 U.S.C. § 2255 in September 2003. Id. The district court issued an order on February 25, 2004, denying the motion. Id. But, the order was never mailed to the petitioner. Id. On September 20, 2004, the petitioner, not having received notice that his first motion had been denied, filed a document titled "Addendum to Motion to Vacate Sentence." Id. The district court construed the filing as an unauthorized second petition and dismissed it. Id. On appeal, the Third Circuit Court of Appeals held that the document should have been treated as a motion to amend the first 2255 motion. Id. The Court remanded the matter to the district court with instructions to reopen judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure and consider the claim raised in the Addendum. Id.

The Harris case is distinguishable from the instant action. First, the petitioner in Harris filed his "Addendum" in the district court in which he thought his first section 2255 motion was still pending. Second, the "Addendum" raised a new claim based on a United States Supreme Court decision, Blakely v. Washington, 542 U.S. 296 (2004), which was decided after the

4

petitioner filed his first section 2255 motion. In the instant action, however, Petitioner chose to file a new habeas petition in the United States District Court for the Central District of California instead of filing a motion to amend in this Court. Also unlike the petitioner in Harris who was unable to bring his new claim in the first motion, Petitioner, here, asserts the same grounds for relief as were raised in the original motion to vacate. This Court finds this latter distinction significant. See 28 U.S.C. § 2255(h)(2). Nevertheless, as it relates to the amended motion, dated May 1, 2012, this Court will consider the claims and determine whether judgment should be reopened.[2] See (Doc. 489).

In the motion, Petitioner's first claim is that this Court lacked venue/jurisdiction to convict because Petitioner did not have a computer monitor to send emails, and that evidence was withheld. (Doc. 489-1, p. 3). These arguments were considered, and rejected, by this Court in its Memorandum dismissing the original motion to vacate. See (Doc. 478, pp. 29-31).

Second, Petitioner claims that email evidence was fabricated. (Doc. 489-1, p. 3). He refers to admissions in his state case against the FBI agents and an alleged search warrant violation. (Id.). Again, this Court reviewed, and denied, these allegations when ruling on his original section 2255 motion. See (Doc. 478, pp. 9-10, 20-22).

Third, the motion asserts that the government admitted to judicial witness tampering. (Doc. 489-1, p. 4). Petitioner attaches a page in support of this claim, which is taken directly from the Government's brief in opposition to his motion to vacate filed in the above-captioned

---

[2]This Court has jurisdiction, despite the pending appeal, to consider the motion. See United States v. Moses, 1996 U.S. Dist. LEXIS 9285 (E.D. Pa. 1996) (addressing a petitioner's Rule 60 motion to raise new claims after his section 2255 motion was dismissed, and denying the motion), quoting Standard Oil Co. v. United States, 429 U.S. 17, 17-18 (1976).

5

action and from his reply thereto. Compare (Doc. 489-1, p. 9), with (Doc. 466, pp. 63-64) and (Doc. 471, p. 6). This Court previously discussed, and dismissed, this claim when it was raised in the original motion to vacate sentence. See (Doc. 478, pp. 1-13, 23-24).

Fourth, Petitioner alleges that "under 9th Cir laws, vindictive prosecution proven in 2007, never acknowledged"; however, Petitioner fails to cite any Ninth Circuit cases that would require a different result. (Doc. 489-1, p. 4). Also, because Petitioner is challenging his conviction in this Court, Ninth Circuit laws are not controlling. Moreover, the Third Circuit Court of Appeals rejected Petitioner's vindictive prosecution claim on direct appeal, (Doc. 371), and this Court previously denied a malicious prosecution complaint. See Reynolds v. Whitehead, et al., No. 4:10-cv-1514 (M.D. Pa. filed July 22, 2010).

In ground four (4), Petitioner also states that the Third Circuit Court of Appeals delayed for two (2) years. (Id.). Apparently Petitioner is referring to the gap in time between his sentencing on November 6, 2007, and the Third Circuit Court of Appeals' decision issued on March 18, 2010, affirming the judgment and commitment order. (Docs. 367, 371). However, this delay is largely attributable to Petitioner's thirty-four (34) motions, and numerous other documents, filed in the Third Circuit Court of Appeals during the pendency of his appeal. See United States v. Reynolds, Case No. 07-3210 (3d Cir. 2007). Regardless, this claim is not cognizable under section 2255. See 28 U.S.C. § 2255(a).

As there is nothing in the fourth claim for relief that would justify reopening judgment and all other claims were presented in Petitioner's original section 2255 motion to vacate, (Doc. 440), this Court finds that any amendment would have been futile. See United States v. Small, 2011 U.S. Dist. LEXIS 87891, *16 (M.D. Pa. 2011) (Conner, J.) (denying the petitioner's motion

to amend his section 2255 motion on futility grounds because the proposed new claim fails on the merits); United States v. Winkelman, 548 F. Supp. 2d 142, 160 (M.D. Pa. 2008) (McClure, J.) (finding that "it would be a waste of judicial resources to attempt to review the [section 2255] motion of [sic] amended grounds"). Petitioner's amended motion dated May 1, 2012, will be denied. (Doc. 489-1).

### B. Motion dated September 24, 2012, (Doc. 490)

The second motion filed in the United States District Court for the Central District of California on September 28, 2012, dated September 24, 2012, will also be dismissed. (Doc. 490). Because that motion was filed after this Court dismissed Petitioner's first section 2255 motion, the Harris decision does not apply. See Harris, 125 Fed. Appx. 458, n.2 (stating that the "Addendum" would not have been a successive motion if it had been filed while the petitioner's first section 2255 was still "**pending**") (emphasis added). Importantly, Petitioner was aware when he sought relief in the Central District of California that this Court had dismissed his motion to vacate, as evidenced by his Notice of Appeal filed on September 4, 2012. See (Docs. 478-480, 484). Additionally, he had been informed of the limitations upon filing another motion after the first section 2255 motion was considered by the Court. See (Doc. 442) (Petitioner recognized that he could "be forever barred from presenting in federal court any claim not presented in [his first] petition" and understood that he "may lose [his] ability to file a second or successive petition absent certification by the Court of Appeals").

Section 2255(h) provides:

A second or successive motion must be certified ... by a panel of the appropriate court of appeals to contain--
  (1) newly discovered evidence that, if proven and viewed in light of the

7

evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
    (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). It is the court of appeals, not the district court, that must certify a petitioner's right to file a second or successive section 2255 motion. See 28 U.S.C. § 2255(h); Selby v. Scism, 2010 U.S. Dist. LEXIS 100060, *7-9 (M.D. Pa. 2010) (Munley, J.). If the petitioner does not have authorization from the appropriate court of appeals to file a successive motion, the district court is without jurisdiction to entertain the motion and it must be dismissed. See United States v. Rodriguez, 327 Fed. Appx. 327, 329 (3d Cir. 2009) (holding that the "district courts lack jurisdiction over second or successive § 2255 motions without proper authorization from a panel of the court of appeals"); Robinson v. Johnson, 313 F.3d 128, 139 (3d Cir. 2002) (stating that until the court of appeals grants permission, the district court may not consider a second or successive 2255 petition), cert. denied 540 U.S. 826 (2003). Because Petitioner did not have permission from the Third Circuit Court of Appeals to file the motion dated September 24, 2012, (Doc. 490), it must be dismissed.

Additionally, this Court notes that the claims[3] raised in the motion were presented in Petitioner's original section 2255 motion to vacate and denied on the merits. See (Doc. 479, pp. 20-30). Petitioner's motion, if treated as a request for leave to amend, would still be denied. See United States v. Hill, 2005 U.S. Dist. LEXIS 8836 (E.D. Pa. 2005) (denying the petitioner's motion to amend his prior section 2255 motion because judgment was previously issued and he

---

    [3]Petitioner claims that he was physically unable to commit the crime as charged because he did not own a computer monitor from which to send emails and that "confessions of false arrest and fabrication of evidence" were used against him. (Doc. 490) (petition, p. 3).

did not obtain permission to file a successive motion); <u>United States v. Coley</u>, 2005 U.S. Dist. LEXIS 9758, *10 (D. Del. 2005) (concluding that to the extent the court adjudicated the petitioner's prior section 2255 motion on the merits, his Rule 60(b) motions must be considered second or successive motions requiring authorization from the Third Circuit Court of Appeals).

**Conclusion**

Applying the <u>Harris</u> decision to Petitioner's motion dated May 1, 2012, this Court finds no basis to reopen judgment. Allowing Petitioner to amend his original motion to vacate and assert the claims raised in the May 1, 2012, motion would be futile because his arguments, most of which were presented in the original section 2255 motion, are without merit. Petitioner's motion, (Doc. 489), will be denied.

This Court concludes that the grounds for relief in the motion dated September 24, 2012, were also raised in Petitioner's original motion to vacate sentence and dismissed on the merits. Regardless, the motion dated September 24, 2012, was filed after Petitioner's original section 2255 motion had been adjudicated and this Court lacks jurisdiction because Petitioner failed to obtain authorization from the Third Circuit Court of Appeals to file a successive motion pursuant to 28 U.S.C. § 2255. This motion, (Doc. 490), will therefore be dismissed.

A separate Order will be issued.

Date: November 28, 2012            **United States District Judge**