Exhibit 1

05CR-493

<u>Soto v. U.S.</u>, 2025 US Dist. LEXIS 210505 (8th);

It found that Mr. Soto's sentence violated the Supreme Court's holding in <u>Apprendi v. New Jersey</u> that "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. 466, 490, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000). Essentially, the court found that the statutory enhancement on Count 15 could not be applied because it required{2025 U.S. Dist. LEXIS 3} a jury finding of enhancing facts; without that statutory enhancement, the statutory maximum for Count 15 was 120 months. <u>Soto</u>, 58 F.4th at 982.

The Eighth Circuit's mandate issued on February 15, 2023. CR Docket No. 256. The same day, the district court entered an amended judgment reducing Mr. Soto's sentence on Count 15 from 240 months to 120 months, the statutory maximum.

Our matter, a Trial, not a plea bargain, forbids a Judge to make over-the- Stat Statutory Maximum Term, [our was governed by former Count Four, 18 U.S.C. §842(p)(2), at 240 months], unless the Jury verdict itself...'specifically found the facts for the enhancement'. That never happened in this case, in fact, the Judge himself failed at Sentencing to even declare on the Transciptional Record made...WHICH SPECIFIC COUNT... he claimed had demonstarted his enhancement's "specific intent" required by Congress in order to convict his §3A1.4 enhancement upon. See <u>Chandia</u>, (4th Cir. 2008) [WHICH GOVERNMENT ITSELF DECLARED ON THE §2255 MOTION GOVERNED THIS MATTER].

But, beyond that, every single other case of §3A1.4 enhancement at Trial Sentencings then, due to Apprendi, reverted to sentencing at, or below the Statutory Maximum Terms of either 180 or 240 months, as <u>Chandia</u> received. So, no matter what Judge Kosik did, the Court was bound not to exceed the Statutory Maximum Term...as:

A SENTENCING JUDGE HOLDS NO AUTHORITY TO ISSUE A SENTENCE
ABOVE A SENTENCING MAXIMUM TERM...
WHEN THERE IS A JURY TRIAL...

<u>Willis</u>, 417 F.Supp.3d 567, 588 (3rd Dist. 2019); [in regards to Apprendi);

"The Trial Judge could not merely find the sentence enhancement bay a perponderance of the evdience. The State must charge a Criminal Defendant with the Maximum Sentence in the Indictment."

Our is Cout Four's former 240 month term, now reduced to Count Two's 180 month term. We are at 245 months at present and counting.

<u>Corley</u>, 500 F.3d 210, 138, Note 9 (3rd Cir. 2007);

"Blakely precluded the District Court from applying any Guideline enahncement predicated on facts not SPECIFICALLY FOUND BY THE JURY."

FILED
SCRANTON
MAY 27 2026

PER

Clerk,                              05-CR-0493

This EXHIBIT belonged in the Supplemental Brief just mailed this Court as part and parcel of our 18 USC § 3582 Compassionate Release

I need it copied, File-Stamped and Returned as proof of receipt. We have legal mailing issues.    M. Reynolds